Where the supreme court enjoined an owner and his contractor, pendente lite, from tearing down the leasehold of the owner's tenants, the fact that thereafter he recovered possession in the municipal court in dispossession proceedings does not authorize him to proceed with such work; and, having done so, he and the contractor are guilty of criminal contempt, because of the willful disobedience of the injunction, under Code Civ. Proc. § 8, subd. 3.

In the matter of the application of Annie Ganz and another to punish Pincus Ronginsky and another for contempt of court. Motion granted.

Joseph Wilkenfeld, for the motion.
Manheim & Manheim, opposed.

GILDERSLEEVE, J. Annie Ganz and Frank Ganz make this motion to punish Pincus Ronginsky and his contractor, Isidore Po-

meranz, for contempt of court. The Ganzes were tenants of No. 16 Avenue C, of which Ronginsky was the landlord. The latter wished to tear down the building, and the Ganzes brought an action in this court to prevent him from carrying his wishes into execution. The pleadings in said action have not been handed up on this motion. In said action the plaintiffs obtained an injunction pendente lite, which provides as follows, viz.:

"Ordered, that the injunction herein granted pending the decision of the above-mentioned order to show cause be, and the same hereby is, continued during the pendency of this action, and the defendant, his agents, servants, and employés, contractors and attorneys, be, and they and each of them are hereby, enjoined and restrained from tearing down the southerly wall of premises No. 16 Avenue C, in the borough of Manhattan, city of New York, and from tearing down or in any way or manner interfering with the building on premises No. 16 Avenue C, or portion of premises No. 262 East Second street, covered under the plaintiff's leasehold, and they are also enjoined and restrained from razing or tearing down the rear of plaintiff's premises, and from undermining the stairway, foundation, walls, or support of said building, during the pendency of this action."

Ronginsky thereupon brought proceedings in the municipal court to dispossess the Ganzes, and obtained a judgment in his favor, and a warrant was issued ejecting the Ganzes and restoring possession of the premises to Ronginsky. The Ganzes have appealed from the judgment of the municipal court.

When the Ganzes had been ejected as aforesaid, Ronginsky and his contractor, Pomeranz, proceeded to tear down the building; claiming that the judgment of the municipal court gave him the right to do so, as possession of the premises had been thereby restored to him, and the leasehold of the Ganzes had been terminated. The said action in the supreme court is still pending, and there has been no modification or cancellation of the injunction as above quoted. It is the claim of the learned counsel for Ronginsky that there has been no violation of the injunction, for the reason that the latter protected the property only while covered by the leasehold of the Ganzes, and that when the municipal court had declared the leasehold terminated the injunction ceased to be operative. Clearly, no judgment of the municipal court could in any way impair the force of an injunction issued by the supreme court. Unless otherwise indicated by its terms, the injunction continues good until it is modified or vacated by the supreme court, or until the action is tried or discontinued. As we have seen, however, counsel for Ronginsky maintains that by its terms the injunction was operative merely during the existence of the leasehold of the Ganzes, and that said leasehold was terminated by the judgment of the municipal court, when Ronginsky became free to disregard the injunction and tear down the building. I cannot agree with this contention. The injunction prohibits the tearing down of the building on premises No. 16 Avenue C, or of the portion of No. 262 East Second street covered by the leasehold of the Ganzes, and also prohibits the undermining of the stairway, foundation, walls, or support of said building, "during the pendency of this action." At the time the injunction issued, the property in question was covered by the leasehold of the Ganzes; and the injunction, by its terms,

gives no intimation that its prohibitions were to cease when a judgment of the municipal court should declare the · leasehold of the Ganzes terminated, but particularly states that such prohibitions shall continue during the pendency of the supreme court action in which it was granted. After obtaining his judgment in the municipal court, Ronginsky could have applied, if he saw fit, for a modification of the injunction. He did not do so, but proceeded to disregard it and treat it as a nullity. The said Ronginsky and his contractor, Pomeranz, have violated the restraining order of this court, and are guilty of a criminal contempt, under section 8, subd. 3, of the Code. It is unnecessary, therefore, to show that the Ganzes had any legal rights that were injured by the violation of the injunction. Stubbs v. Ripley, 39 Hun, 627.

Motion granted.

